UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOSHUA MICHAEL HAVENS** | **CIVIL ACTION NO. 23-1246** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **MOREHOUSE PARISH JAIL, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Joshua Michael Havens, a prisoner at Morehouse Parish Jail proceeding pro se and in forma pauperis, filed this proceeding on approximately September 8, 2023, under 42 U.S.C. § 1983. He names the following defendants: Morehouse Parish Jail, Carl Walker, and Corporal Armstrong.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

In his initial pleading, Plaintiff, a pre-trial detainee, first writes: "D.O.C. and Parish inmates mixed; inmate safety. [sic]." [doc. # 1, p. 3]. Plaintiff then expounds that on August 3, 2023, when he was en route to visit "William Love for La. Department of Health," he told Corporal Armstrong that a convicted inmate, Carl Walker, threatened him. *Id.* at 4. He also suggests that he notified Armstrong of Walker's threat when he returned from the meeting with William Love. [doc. # 11, p. 1]. When Plaintiff returned, Walker attacked him, breaking his jaw and causing him anxiety, pain, and mental anguish. [doc. # 1, pp. 4-5]. Plaintiff had facial reconstruction surgery, and physicians gave him anti-depressants. *Id.* at 5.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff filed an amended pleading on approximately November 9, 2023, naming Corporal Armstrong as a defendant. [doc. # 11, p. 1]. Plaintiff states that he provided "staff . . . adequate notification of verbal threats[,]" yet staff "did not do anything to try to prevent harm to [Plaintiff's] person." *Id.*

Plaintiff seeks compensation, and he wants "Carl Walker to be held liable for [the] attack." [doc. # 1, p. 5].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556

U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Morehouse Parish Jail**

Plaintiff names Morehouse Parish Jail as a defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24.

Morehouse Parish Jail does not qualify as a juridical person; accordingly, the Court should dismiss Plaintiff's claims against Morehouse Parish Jail.

### 3. Inmate Carl Walker

Plaintiff claims that Inmate Carl Walker threatened and attacked him. Plaintiff wants "Carl Walker to be held liable for [the] attack." [doc. # 1, p. 5].

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and quoted sources omitted). "Private individuals generally are not considered to act under color of law, *i.e.,* are not considered state actors . . . ." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

Here, Inmate Carl Walker is a private citizen, and Plaintiff does not offer any plausible allegations to establish that Walker acted under color of state law. *See Roman v. Anthony*, 848 F. App'x 633 (5th Cir. 2021) (holding, where the plaintiff alleged that other inmates attacked him, that the plaintiff "failed to allege facts or assert any argument addressing whether the defendants acted under color of state law."); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir. 1984) (opining that the district court was "unquestionably correct" in holding that a co-detainee in a jail did not act under color of state law). Accordingly, the Court should dismiss Plaintiff's claims against Walker.

### 4. Failure to Protect

Plaintiff claims that en route to meet William Love, he told Corporal Armstrong that Walker threatened him. [doc. # 1, p. 4]. He also suggests that he notified Armstrong of Walker's threat when he returned from meeting with William Love. [doc. # 11, p. 1]. When

5

Plaintiff returned, Walker attacked him, breaking his jaw and causing him anxiety, pain, and mental anguish. Plaintiff states that he provided "staff . . . adequate notification of verbal threats[,]" yet staff "did not do anything to try to prevent harm . . . ." *Id.*

To state a failure-to-protect claim, a plaintiff must allege that a defendant's action or inaction amounted to deliberate indifference. That is, he must allege that a defendant "knew of and disregarded a substantial risk of serious harm." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001).

In *Grissom v. Patterson*, 14 F.3d 52 (5th Cir. 1993), Grissom "wrote several letters to Sheriff Patterson claiming that he had been threatened on numerous occasions by Hollingsworth[,]" but the court opined that the letters "neither specified the nature of these threats, nor provided any other details from which one could conclude that Grissom was in danger of physical harm." "Wantonness, in the context of a failure-to-protect claim, requires that the defendant be 'conscious of the inevitable or probable results of [his] failure' to take preventative action. Because the evidence did not demonstrate a strong likelihood that Grissom was in danger of physical harm, a reasonable trier of fact could only have concluded that Sheriff Patterson may have been negligent or grossly negligent." *Id.* (quoted source omitted).

In *Vela v. Garcia*, 728 F. App'x 285, 287 (5th Cir. 2018), a prisoner was resisting a transfer and threatening to "'hurt somebody' if released from handcuffs[.]" Deputies removed the prisoner's handcuffs and "[o]nce unrestrained, the prisoner rushed towards [the plaintiff] and struck him on the head." *Id.* The plaintiff claimed that "personnel put him in danger by ignoring the prisoner's threats and releasing him into the dorm[.]" *Id.* The court, however, held that the plaintiff did "not maintain they were aware of facts that lead to the inevitable conclusion he was

6

exposed to substantial danger." *Id.*

Here, when Plaintiff informed Armstrong that Walker threatened him, he may have informed Armstrong of some risk of harm, but, absent more, he did not inform Walker of a *substantial* risk (or threat) of *serious* harm. Otherwise stated, it is not plausible that Walker *knew* of a substantial threat of serious harm from Plaintiff's vague, unadorned report; rather, Plaintiff alleges that Walker knew only of *a* threat. Plaintiff did not outline—despite the undersigned's instruction to explain the threat in detail[3]—the nature, substance, imminence, sincerity, or extent of the threat. Rather, he simply invites speculation concerning the nature of the threat (for instance, was he threatened with physical, property, reputational, or social harm?). Plaintiff does not specify where, on the spectrum of threats ranging from the innocuous to the extremely dangerous, Walker's threat lay.[4] To the extent Plaintiff told Armstrong more, Plaintiff does not detail it here.[5]

---

[3] [doc. # 8].

[4] *See Newton v. Black*, 133 F.3d 301, 307 (5th Cir. 1998) (observing that threats in a penitentiary "come in all forms and multiple variations and situations.").

[5] *See Armstrong v. Price*, 190 F. App'x 350, 353 (5th Cir. 2006) (holding, where the plaintiff alleged that on four occasions he asked prison officials to place him in protective custody because of threats made by correctional officers and black inmates who allegedly believed he "was jeopardizing inappropriate personal and business relationships between the officers and inmates," that the plaintiff "failed to establish that, given the rather vague information he had provided them, it would be clear to a reasonable officer that such information presented a substantial risk of serious harm."); *Smith v. Jaramillo*, 2006 WL 1984345, at *3 (W.D. Tex. July 13, 2006), *aff'd,* 394 F. App'x 183 (5th Cir. 2010) ("A prisoner's general claim that he was threatened, he reported the threat to prison officers without providing them sufficient details to act on, and that he was later assaulted, is not sufficient to proceed to trial on a failure to protect claim."); *Hamilton v. Dretke*, 2009 WL 320777, at *2 (N.D. Tex. Feb. 10, 2009) ("[P]laintiff's allegation that he reported the threats made by his cellmate, without more, does not demonstrate that either Adkins or Taylor actually perceived, and ignored, a substantial risk of harm to plaintiff."); *Finley v. Lubbock Cnty. Det. Ctr.*, 2017 WL 6761924, at *3 (N.D. Tex. Oct. 31, 2017) (reasoning, where a plaintiff told officers about threats he received from Inmate Taylor, that the

Plaintiff does not plead a plausible constitutional violation. At best, his claim sounds in negligence, but negligence "is insufficient to support a finding of liability." *Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . . ." *Alton v. Texas A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). "A state actor's failure to alleviate 'a significant risk that he should have perceived but did not,' while 'no cause for commendation,' does not rise to the level of deliberate indifference." *McClendon v. City of Columbia*, 305 F.3d 314, n.8 (5th Cir. 2002) (*quoting Farmer v. Brennan,* 511 U.S. 825, 837 (1994)); *see Mosley v. Anderson*, 425 F. App'x 343, 344 (5th Cir. 2011) ("To the extent that prison officials were negligent for not preventing the assault, Mosley is not entitled to relief on this basis.").

Accordingly, the Court should dismiss Plaintiff's claim.

**5. Conclusory Claim**

Plaintiff, a pre-trial detainee, writes: "D.O.C. and Parish inmates mixed; inmate safety. [sic]." Plaintiff, however, does not identify a defendant responsible for "mixing" different categories of inmates. Even if he did, he does not supply enough information to state a plausible claim. As above, "unadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677. The Court should dismiss this claim.

---

claim failed: "While unfortunate, it is common for inmates to threaten each other with violence in prison environments. . . . Because Finley has not pleaded or identified any specific details he claims to have provided to the officers, his generalized complaint fails to establish that LCDC officers had actual knowledge he faced a substantial risk of serious harm at the hands of Taylor."); *Whaley v. Erickson*, 339 F. App'x 619 (7th Cir. 2009) (holding that a prisoner's conversations with a prison sergeant, in which the prisoner at most told the sergeant that his cellmate was making threats, did not alert the sergeant that the cellmate posed a substantial risk of serious injury because the prisoner did not specify the nature of the threats).

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Joshua Michael Havens' claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 29th day of December, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge